JESSE S. FINLAYSON, SBN 179443
*jfinlayson@ftrlfirm.com*
MATTHEW E. LILLY, SBN 218143
*mlilly@ftrlfirm.com*
**FINLAYSON TOFFER ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 250
Irvine, CA 92618
Telephone: 949.759.3810
Facsimile: 949.759.3812

Attorneys for Christopher R. Barclay,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 15-02281-LT7 |
| SULLIVAN INTERNATIONAL GROUP, INC., | Chapter 7 |
| Debtor. | Adv. Proc. No. |
| | **COMPLAINT TO:** |
| CHRISTOPHER R. BARCLAY, chapter 7 trustee, | **(1) RECOVER ILLEGAL DISTRIBUTIONS UNDER CAL. CORP. CODE § 506;** |
| Plaintiff, | **(2) AVOID AND RECOVER FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND STATE LAW (ACTUAL FRAUD);** |
| v. | **(3) AVOID AND RECOVER FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND STATE LAW (CONSTRUCTIVE FRAUD); AND** |
| JOHN KIRSCHBAUM, an individual, | |
| Defendant. | **(4) DISALLOW PROOF OF CLAIM** |

Plaintiff Christopher R. Barclay (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Sullivan International Group, Inc. (the "Debtor"), files this Complaint against Defendant John Kirschbaum (the "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (H), (K) and (O). This adversary proceeding arises under title 11 of the United States Code (the "Bankruptcy Code") and arises in a case under the Bankruptcy Code pending before this Court.

2. Venue of this adversary proceeding is properly before this Court pursuant to 28 U.S.C. § 1409(a).

## PROCEDURAL BACKGROUD AND PARTIES

3. This Complaint initiates an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.

4. Pursuant to Local Bankruptcy Rule 7008-1, the Trustee consents to entry of final orders or judgment by the bankruptcy judge if any matters are determined to be core.

5. On April 6, 2015 (the "Petition Date"), the Debtor commenced a case under chapter 11 of the Bankruptcy Code with this Court. On September 11, 2015, the Bankruptcy Court entered an order converting the Debtor's case from chapter 11 to chapter 7.

6. The Trustee is the duly authorized representative of the Debtor's bankruptcy estate pursuant to section 704 of the Bankruptcy Code.

7. The Trustee is informed and believes, and on that basis alleges, that the Debtor is a corporation organized and existing under the laws of the State of California, with its principal place of business located in San Diego, California.

1

8. The Trustee is informed and believes, and on that basis alleges, that the Defendant is an individual residing in San Diego County, California. The Trustee is further informed and believes, and on that basis alleges, that the Defendant was employed as an Executive Vice President of the Debtor between approximately January 2007 and September 2010. The Trustee is further informed and believes, and on that basis alleges, that the Defendant was formerly a shareholder of the Debtor.

## GENERAL ALLEGATIONS

9. The Trustee is informed and believes, and based thereon alleges, that as of mid-2011, the Defendant owned 731,878 shares of the Debtor's common stock, which represented a minority, non-controlling share in the company.

10. On or about June 21, 2011, the Debtor agreed to redeem and repurchase the Defendant's shares in the Debtor for $0.60 per share, totaling $439,126.80 (the "Stock Redemption"). As part of the Stock Redemption, the Debtor entered into a Redemption Agreement, Secured Promissory Note and Security Agreement with the Defendant. Under those documents, the Debtor, among other things, (a) agreed to pay the Defendant $0.60 per share ($439,126.80 total) plus interest at 6% per annum in exchange for the Defendant's shares in the Debtor in monthly installments of $25,517.11 per month beginning on August 1, 2011 until paid in full; and (b) granted the Defendant a security interest on all or substantially all of the Debtor's assets securing payment of the purchase price thereby elevating his rights above the Debtor's other creditors.

11. Between June 2011 and December 2012, the Debtor had paid at least $434,836.73 to the Defendant in connection with the Stock Redemption.

12. In addition, (a) on or about April 13, 2012, the Debtor paid the Defendant an additional $38,700.00, which was reflected in the Debtor's books and records as a "tax stkopt" payment; and (b) on or about April 11, 2013, the Debtor paid the Defendant an additional $82,011.51, which was reflected in the Debtor's books and records as a "BonusSTKOP" payment (collectively, the "Additional Distributions").

2

1. The Trustee is informed and believes, and based thereon alleges, that there was no legitimate basis for these payments, for which the Debtor received nothing in return.

13. As of the Petition Date, the Debtor has paid the Defendant at least $555,548.24 in connection with the Stock Redemption and the Additional Distributions. A detailed schedule of the payments made by the Debtor to the Defendant in connection with the Stock Redemption and Additional Distributions is attached as Exhibit A to this Complaint.

14. On December 21, 2015, the Defendant filed Amended Proof of Claim No. 159 in the Debtor's bankruptcy case in the amount of $559,837.00.

## FIRST CLAIM FOR RELIEF

**(Recover Illegal Distributions: Cal. Corp. Code § 506)**

15. The Trustee incorporates by reference the allegations of paragraphs 1 through 14, inclusive, as if fully set forth herein.

16. Between June 2011 and December 2012, the Debtor paid the Defendant $25,517.11 per month under the Stock Redemption. On or about April 13, 2012, and April 11, 2013, the Debtor made the Additional Distributions to the Defendant totaling $120,711.51. Each of these payments constituted a "distribution" under section 166 of the California Corporations Code on the date the payments were actually made by the Debtor to the Defendant (collectively, the "Illegal Distributions" and each individually an "Illegal Distribution"). In total, the Debtor made $555,548.24 in Illegal Distributions to the Defendant in the four years immediately prior to the Petition Date.

17. Each Illegal Distribution violated both sections 500 and 501 of the California Corporations Code. The Trustee is informed and believes, and on that basis alleges, that to the extent the Debtor's board of directors approved the Illegal Distributions, the board did not determine, and could not have determined in good faith, that: (1) the amount of retained earnings of the Debtor immediately prior to the distribution equaled or exceeded the proposed distribution plus the "preferential dividends arrears amount;" or (2) immediately after the distribution, the value of the

3

Debtor's assets would equal or exceed the sum of its total liabilities plus the "preferential rights amount."  In the alternative, the Trustee is further informed and believes, and on that basis alleges, that the Illegal Distributions were illegal because at the time of each distribution the Debtor was, or as a result became, likely to be unable to meet its liabilities (except those whose payment was otherwise adequately provided for) as they matured.

18.    The Trustee is informed and believes, and on that basis alleges, that the Defendant received the Illegal Distributions with knowledge of facts indicating the impropriety of the distributions.

19.    Consequently, the Defendant is liable to the Debtor's bankruptcy estate for the full amount of the Illegal Distributions plus interest thereon at the legal rate on judgments until paid pursuant to section 506(a) of the California Corporations Code.

## SECOND CLAIM FOR RELIEF

**(Avoid and Recover Fraudulent Transfer:  11 U.S.C. §§ 544(b), 550(a); CAL. CIV. CODE §§ 3439.04(a)(1), 3439.07 (Actual Fraud))**

20.    The Trustee incorporates by reference the allegations of paragraphs 1 through 19, inclusive, as if fully set forth herein.

21.    The Stock Redemption and Additional Distributions constituted transfers of an interest of the Debtor in property.

22.    The Trustee is informed and believes, and on that basis alleges, that the Debtor agreed to the Stock Redemption and made the Additional Distributions with actual intent to hinder, delay, or defraud one or more of the Debtor's creditors.

23.    The Stock Redemption and the Additional Distributions are voidable under CAL. CIV. CODE §§ 3439.04(a)(1) and 3439.07 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

4

24. There exists an actual unsecured creditor who could have set aside the Stock Redemption and the Additional Distributions pursuant to C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> §§ 3439.04(a)(1) and 3439.07.

25. Pursuant to 11 U.S.C. § 544(b), the Trustee is entitled to avoid the Stock Redemption and the Additional Distributions under C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> §§ 3439.04(a)(1) and 3439.07.

26. The Defendant was the initial transferee with respect to the Stock Redemption and the Additional Distributions.

27. Accordingly, the Trustee is entitled to avoid the Stock Redemption, including any and all purported security interests granted to the Debtor under the Stock Redemption, and the Additional Distributions, and recover the sum of $555,548.24 from the Defendant for the benefit of the Debtor's estate pursuant to section 550(a) of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF

**(Avoid and Recover Fraudulent Transfer:  11 U.S.C. §§ 544(b), 550(a); C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> §§ 3439.04(a)(2), 3439.05, 3439.07 (Constructive Fraud))**

28. The Trustee incorporates by reference the allegations of paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. The Stock Redemption and Additional Distributions constituted transfers of an interest of the Debtor in property.

30. The Trustee is informed and believes, and on that basis alleges, that the Debtor received less than a reasonably equivalent value in exchange for entering into the Stock Redemption and making the Additional Distributions.

31. The Trustee is informed and believes, and on that basis alleges, that, on the dates the Debtor entered into the Stock Redemption and made the Additional Distributions, the Debtor (a) was insolvent or became insolvent as a result of the 2011 Stock Redemption, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining assets of the Debtor were

5

unreasonably small in relation to the business or transaction, or (c) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as the debts became due.

32. The Stock Redemption and the Additional Distributions are voidable under CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, and 3439.07 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

33. There exists an actual unsecured creditor who could have set aside the Stock Redemption and the Additional Distributions pursuant to CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, and 3439.07.

34. Pursuant to section 544(b) of the Bankruptcy Code, the Trustee is entitled to avoid the Stock Redemption and the Additional Distributions under CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, and 3439.07.

35. The Defendant was the initial transferee with respect to the Stock Redemption and the Additional Distributions.

36. Accordingly, the Trustee is entitled to avoid the Stock Redemption, including any and all purported security interests granted to the Debtor under the Stock Redemption, and the Additional Distributions, and recover the sum of $555,548.24 from the Defendant for the benefit of the Debtor's estate pursuant to section 550(a) of the Bankruptcy Code.

## FOURTH CLAIM FOR RELIEF

**(Disallowance of All Claims – 11 U.S.C. § 502)**

37. The Trustee incorporates by reference the allegations of paragraphs 1 through 36, inclusive, as if fully set forth herein.

38. Based on the allegations above, the Trustee objects to Proof of Claim No. 159 filed in this bankruptcy case by the Defendant, and any and all proof of claims the Defendant may file against the Debtor's bankruptcy estate. The Trustee respectfully requests that the Court disallow any and all claims of the Defendant in this

bankruptcy case in their entirety. The Trustee reserves the right to submit further objections and other pleadings as permitted by the Court or as otherwise appropriate.

39. In the alternative, the Defendant is a transferee of transfers avoidable under section 544 of the Bankruptcy Code and applicable state law, which property is recoverable under section 550 of the Bankruptcy Code. The Defendant has not paid the amount of the avoidable transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant and/or his assignee, against the Debtor's bankruptcy estate must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the avoidable transfer(s), plus interest thereon and costs.

## **REQUEST FOR JUDGMENT**

The Trustee prays for judgment as follows:

A. On the First Claim for Relief, for the recovery of any and all Illegal Distributions in an amount subject to proof at trial, but not less than $555,548.24, plus interest thereon at the legal rate on judgments from the date of the Illegal Distribution at issue until paid pursuant to section 506(a) of the California Corporations Code.

B. On the Second Claim for Relief, for avoidance of the Stock Redemption, including any and all purported security interests granted to the Debtor under the Stock Redemption, and the Additional Distributions, and recovery of $555,548.24 from the Defendant pursuant to sections 544 and 550(a) of the Bankruptcy Code and applicable state law.

C. On the Third Claim for Relief, for avoidance of the Stock Redemption, including any and all purported security interests granted to the Debtor under the Stock Redemption, and the Additional Distributions, and recovery of $555,548.24 from the Defendant pursuant to sections 544 and 550(a) of the Bankruptcy Code and applicable state law.

7

1       D.    On the Fourth Claim for Relief, for disallowance of Proof of Claim No. 159 filed in this bankruptcy case by the Defendant, and any and all proof of claims the Defendant may file against the Debtor's bankruptcy estate or, in the alternative, for an order under section 502(d) of the Bankruptcy Code disallowing the Defendant's claims in this case until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the avoidable transfer(s), plus interest thereon and costs.

      E.    Pre-judgment interest at the maximum legal rate from the earliest date allowed by law until the date of judgment, and post-judgment interest, at the maximum legal rate pursuant to 28 U.S.C. § 1961; and

      F.    Such other relief as this Court may deem just and proper.

DATED: December 23, 2015

FINLAYSON TOFFER
ROOSEVELT & LILLY LLP

By:     */s/ Jesse S. Finlayson*
        Jesse S. Finlayson

Attorneys for Christopher R. Barclay,
Chapter 7 Trustee

8

# EXHIBIT A

REPORT DATE: 08/20/    11:38    SUL    LIVAN INTERNATIONAL GROUP,    PAGE: 1

VENDOR HISTORY REPORT

VENDOR NAME [ID]: N. John Kirschbaum [johkir]    STARTING VOUCHER: 00

| VOUCHER NUMBER | INVOICE NUMBER | PO NUMBER | INVOICE DATE | INVOICE AMOUNT | DISCOUNT AMOUNT | CHECK AMOUNT | CHECK NUMBER | CHECK DATE | ACCTNG PD/FY | VENDOR STATUS | TERMS | UNPAID BALANCE | DUE DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 40444 | stk redem1 | | 6/21/2011 | $ 25,571.11 | 0 | $ 25,571.11 | 24278 | 6/21/2011 | 11-Jun | PAID | | | |
| 41492 | stock 9/11 | | 9/1/2011 | $ 25,571.11 | 0 | $ 25,571.11 | 24757 | 9/9/2011 | 11-Sep | PAID | | | |
| 42014 | loan pmt 4 | | 10/1/2011 | $ 25,571.11 | 0 | $ 25,571.11 | 25042 | 10/21/2011 | 11-Oct | PAID | | | |
| 42506 | stock11/11 | | 11/1/2011 | $ 25,571.11 | 0 | $ 25,571.11 | 25220 | 11/18/2011 | 11-Nov | PAID | | | |
| 43243 | loan 12/11 | | 12/1/2011 | $ 25,571.11 | 0 | $ 25,571.11 | 25494 | 1/10/2012 | 12-Jan | PAID | | | |
| 43680 | loan pm#7 | | 1/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 25499 | 1/10/2012 | 12-Jan | PAID | | | |
| 43844 | 12interest | | 1/1/2012 | 127.86 | 0 | 127.86 | 25499 | 1/10/2012 | 12-Jan | PAID | | | |
| 44261 | loan #8 | | 2/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 25753 | 2/6/2012 | 12-Feb | PAID | | | |
| 44612 | #39-3/'12 | | 3/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 25957 | 3/8/2012 | 12-Mar | PAID | | | |
| 45087 | loan pmt10 | | 4/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 26180 | 4/6/2012 | 12-Apr | PAID | | | |
| 45340 | tax stkopt | | 4/13/2012 | $ 38,700.00 | 0 | $ 38,700.00 | 26249 | 4/13/2012 | 12-Apr | PAID | | | |
| 45570 | loan#11 | | 5/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 26395 | 5/7/2012 | 12-May | PAID | | | |
| 46114 | amorz #12 | | 6/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 26584 | 6/8/2012 | 12-Jun | PAID | | | |
| 46417 | loan#13 | | 7/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 26684 | 7/10/2012 | 12-Jul | PAID | | | |
| 47368 | pmt #14 | | 8/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 27035 | 8/9/2012 | 12-Aug | PAID | | | |
| 47906 | loan #15 | | 9/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 27329 | 9/7/2012 | 12-Sep | PAID | | | |
| 48231 | loan pmt16 | | 10/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 27526 | 10/9/2012 | 12-Oct | PAID | | | |
| 48961 | loanpmt-17 | | 11/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 27734 | 11/9/2012 | 12-Nov | PAID | | | |
| 49524 | 18finalpmt | | 12/1/2012 | $ 25,571.11 | 0 | $ 25,571.11 | 27955 | 12/7/2012 | 12-Dec | PAID | | | |
| 52319 | BonusSTKOP | | 4/11/2013 | $ 82,011.51 | 0 | $ 82,011.51 | 29104 | 4/11/2013 | 13-Apr | PAID | | | |

$ 555,548.24    0    $ 555,548.24    0    0

**Prior 4 year payments    $ 434,836.73**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Christopher R. Barclay, chapter 7 trustee | **DEFENDANTS**<br>John Kirschbaum, an individual |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Finlayson Toffer Roosevelt & Lilly LLP<br>15615 Alton Parkway, Suite 250<br>Irvine, CA 92618<br>Phone: 949.759.3810 / Fax: 949.759.3812 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☑ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

recover illegal distributions (Cal. Corp. Code § 506); avoid and recover fraudulent transfer (11 U.S.C. § 544) and state law (actual fraud); avoid and recover fraudulent transfer (11 U.S.C. § 544) and state law (constructive fraud); and disallow proof of claim

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11 - Recovery of money/property - § 542 turnover of property<br>☐ 12 - Recovery of money/property - § 547 preference<br>☐ 13 - Recovery of money/property - § 548 fraudulent transfer<br>☑ 14 - Recovery of money/property - other<br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21 - Validity, priority or extent of lien or other interest in property<br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)<br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)<br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51 - Revocation of confirmation<br>**FRBP 7001(6) – Dischargeability**<br>☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims<br>☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61 - Dischargeability - § 523(a)(5), domestic support<br>☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury<br>☐ 63 - Dischargeability - § 523(a)(8), student loan<br>☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65 - Dischargeability - other<br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71 - Injunctive relief - reinstatement of stay<br>☐ 72 - Injunctive relief - other<br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81 - Subordination of claim or interest<br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91 - Declaratory judgment<br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01 - Determination of removed claim or cause<br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*<br>☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 555,548.24 |

Other Relief Sought

B1040

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Sullivan International Group, Inc. | | BANKRUPTCY CASE NO.<br>15-02281-LT7 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISIONAL OFFICE<br>San Diego | NAME OF JUDGE<br>Hon. Laura S. Taylor |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Jesse S. Finlayson | |
| DATE<br>12/23/15 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jesse S. Finlayson |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.